IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CRIMINAL CASE NO. 3:99cr111-1

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>)<br>vs. )<br>)<br>)<br>MANNING SWEAT. )<br>) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's *pro se* Motion for Sentence Reduction Pursuant to 18 U.S.C. §3583(C)(2) (*sic*) & U.S.S.G. §1.B.1.10(C) (*sic*) [Doc. 23, filed January 8, 2008], and the Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. §3582(C)(2) (*sic*) [Doc. 24, filed March 17, 2008], filed through counsel.

The Defendant was indicted in 1999 and charged with conspiracy to possess with intent to distribute cocaine base as well as other substantive charges. The Government filed an information pursuant to 21 U.S.C. §851 providing notice that it intended to rely on his prior felony drug conviction at sentencing. The Defendant entered into a plea agreement with the Government pursuant to which he agreed to plead guilty to the conspiracy

count and acknowledged his involvement with in excess of 1.5 kilograms of cocaine base.  As a result, the Defendant faced a mandatory minimum sentence of 20 years because of his prior drug conviction and the quantity of cocaine base involved in the conspiracy.  21 U.S.C. §841(b)(1).  At sentencing, the Government moved pursuant to U.S.S.G. §5K1.1 for a downward departure from the Guideline range of 360 months to life imprisonment.  The Defendant was sentenced to 240 months imprisonment, the mandatory minimum sentence.  He later received two additional reductions in sentence pursuant to Federal Rule of Criminal Procedure 35 with the result that his sentence was cut in half to 120 months.   Thus, Defendant was ultimately sentenced to a term representing one third of the low end of the Guidelines range.

The United States Probation Office prepared a Supplement to the Presentence Report [Doc. 29, filed May 6, 2008], in which it was pointed out that the Defendant had already received the benefit of three sentence reductions.  The Defendant's criminal history was noted as a consideration for public safety and his discipline by prison authorities for drug use was documented as post-conviction conduct.  No further reduction in sentence was recommended.

The Government objects to a further reduction, noting the Defendant's criminal history and use of drugs while in prison. [Doc. 31, filed May 8, 2008].

U.S.S.G. §2D1.1(c) was amended in November 2007 (Amendment 706) to lower the base offense level for drug offenses involving cocaine base by two levels. U.S.S.G. §2D1.1 (2007); U.S.S.G. App. C. Amend. 706. This amendment has been made retroactive effective March 3, 2008. See, U.S.S.G. §1B1.10(c) (Mar. 3, 2008). As a result, the base offense level for an offense involving at least 1.5 kilograms of cocaine base is 36. U.S.S.G. §2D1.1(c)(2). The Defendant received a two level increase for possession of a firearm and a three level decrease for acceptance of responsibility. [Doc. 24, supra.]. Thus, if the amendment is applied, the Defendant's Offense Level would be 35 and his Guideline range would be 292 to 365 months. Based on his prior sentence, the Probation Office calculated that if Defendant's sentence were reduced to one third of the low end of this new guidelines range, as had been done previously, that Defendant's sentence would be modified to 96 months. If no further reduction is granted, the however, Defendant is projected to be released from prison on or about December 8, 2008.

3

In applying the Amendment to the Defendant's case, the Court is obligated to consult the factors listed in 18 U.S.C. §3553(a), including public safety and the Defendant's post-sentencing conduct. 18 U.S.C. §3582(c)(2) ("[T[he court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a)"); U.S.S.G. §1B1.10 cmt. n.1(B); <u>United States v. Leroy</u>, 2008 WL 1780937 (E.D.Wis. 2008). The Defendant's criminal history and use of drugs in prison weigh against a further reduction.

Regarding the application of an amendment to the Sentencing Guidelines that has been determined to extend retroactively §1B1.10 (b) states that "In determining whether, and to what extent, a reduction in the term of imprisonment is warranted for a defendant eligible for consideration under 18 U.S.C. §3582(c)(2), the court should consider the term of imprisonment that it would have imposed had the amendment(s) to the guidelines [in question] been in effect at the time the defendant was sentenced." In light of all the circumstances involved, and particularly in light of the three reductions in sentence that the Defendant has already been granted, if the guidelines amendment had been in effect at the time of his original sentencing, it does not appear that this Defendant would have

4

been sentenced to a shorter term that he is currently serving. The Court must so find. As a result, the motion will be denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's *pro se* Motion for Sentence Reduction Pursuant to 18 U.S.C. §3583(C)(2) (*sic*) & U.S.S.G. §1.B.1.10(C) (*sic*) [Doc. 23], and the Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. §3582(C)(2) (*sic*) [Doc. 24], are hereby **DENIED**.

Signed: May 9, 2008

Martin Reidinger
United States District Judge